UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Marvin Joshua White, | ) | Crim. No.: | 4:15-cr-00715-RBH-1 |
| | ) | Civ. No.: | 4:19-cv-00378-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| | ) | | |

This matter is before the Court on Petitioner Marvin Joshua White's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 109. The Government has filed a motion for summary judgment. *See* ECF No. 127. The Court denies Petitioner's motion and grants the Government's motion for the reasons herein.[1]

## **Background**

In 2015, a federal grand jury returned a seven-count indictment charging Petitioner with violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts One through Four), 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Five), 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Six), and 18 U.S.C. § 924(c)(1)(A) (Count Seven). *See* ECF No. 2.

In September 2016, Petitioner, represented by attorney Thurmond Brooker ("plea counsel"), pled

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (discussing § 2255(b)). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

1

guilty to Count Five—possession with intent to distribute crack cocaine—pursuant to a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C). *See* ECF Nos. 67, 68, 69, & 94. Petitioner's presentence report ("PSR") showed he had two prior controlled substance offenses within the meaning of the Sentencing Guidelines: (1) two 2004 South Carolina convictions for possession with intent to distribute crack cocaine[2] and (2) a 2007 federal conviction for possession with intent to distribute a quantity of not more than five grams of cocaine base. *See* PSR at ¶¶ 42, 50. The PSR classified him as a career offender, and his resulting Guidelines range was 188 to 235 months' imprisonment. *See* PSR at ¶¶ 54, 113. However, under the Rule 11(c)(1)(C) plea agreement, the parties agreed 180 months' imprisonment was the appropriate disposition of the case. *See* ECF No. 67 at p. 4.

In April 2017, the Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Petitioner to 180 months' imprisonment. *See* ECF Nos. 67, 82, 84, & 95. Judgment was entered on April 11, 2017. *See* ECF No. 84. Petitioner filed a direct appeal, and the Fourth Circuit affirmed in part and dismissed in part. *See* ECF Nos. 87 & 99; *see also United States v. White*, 707 F. App'x 133 (4th Cir. 2017). The Fourth Circuit issued the mandate on March 7, 2018. *See* ECF No. 102.

On January 11, 2019,[3] Petitioner filed the instant § 2255 motion. *See* ECF No. 109. Thereafter, plea counsel filed an affidavit addressing his representation of Petitioner. *See* ECF No. 122. The Government filed a response in opposition and a motion for summary judgment. *See* ECF Nos. 127 & 128. Petitioner filed a response in opposition to the Government's motion. *See* ECF No. 146.

## **Legal Standard**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C.

---

[2] The PSR counted these two convictions as one predicate controlled substance offense. *See* PSR at ¶ 42.

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

§ 2255 by filing a motion in the court that imposed the sentence. For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make

credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

**Discussion**

Petitioner's § 2255 claims allege plea counsel was constitutionally ineffective. Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Three of Petitioner's claims relate to his guilty plea, and one relates to his sentence.

**I.  Claims Relating to Guilty Plea**

Petitioner alleges plea counsel was ineffective for failing to (1) investigate the chain of custody of the drug evidence and an agent's credibility after Petitioner asked him to do so, (2) argue the Government constructively amended the indictment, and (3) challenge the arrest warrant.[4] *See* ECF No. 109 at pp. 4, 6; ECF No. 146 at pp. 4–6, 8–10.

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). "[I]n order to prove prejudice in the guilty plea

---

[4]  Petitioner raised the third claim (counsel's alleged failure to challenge the arrest warrant) for the first time in his response in opposition. *See* ECF No. 146 at pp. 8–10 (filed Aug. 8, 2019). This claim is likely barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because it does not appear to relate back to the original claims raised in Petitioner's § 2255 motion. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."); *United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000) (discussing amendment of a § 2255 motion). Nevertheless, out of an abundance of caution, the Court will address this claim on the merits.

4

context, a person challenging his conviction must establish 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (quoting *Lockhart*, 474 U.S. at 59). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

"The representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74. "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

At the plea hearing, the Court placed Petitioner under oath and engaged in a colloquy with him. *See* ECF No. 94 (transcript of plea hearing). Petitioner confirmed he was completely satisfied with plea

5

counsel's advice and representation, believed plea counsel had done everything he could or should have done, and had not been threatened or pressured to plead guilty. *Id.* at pp. 7–9, 16. Petitioner confirmed he understood that by pleading guilty he was admitting the truth of the charge and giving up any defenses he may have. *Id.* at p. 14. The Court discussed with Petitioner the charge to which he was pleading guilty—Count Five, possession with intent to distribute crack cocaine—and reviewed with him the elements of the offense. *Id.* at pp. 17–18. Petitioner admitted to all elements of the offense, stating, "I feel like there's enough evidence to find me guilty on Count 5, so I'm pleading to Count 5." *Id.* at pp. 18–19. The Government summarized the plea agreement, and Petitioner stated he had reviewed the agreement with plea counsel, signed and understood it, and entered into it freely and voluntarily. *Id.* at pp. 20–22. Petitioner confirmed that he agreed with the Government's summary of the facts underlying Count Five and that he was in fact guilty of the offense. *Id.* at pp. 23–24. The Court then accepted Petitioner's plea, finding it was knowing, voluntary, and supported by an independent factual basis. *Id.* at pp. 24–25.

Given Petitioner's sworn testimony confirming his satisfaction with plea counsel's representation, agreement with the facts, and admission to the elements of the offense, the contrary allegations in his § 2255 motion are "palpably incredible" and "patently frivolous or false." *Lemaster*, 403 F.3d at 221; *see id.* at 222 ("[T]hese allegations directly contradict [Petitioner]'s '[s]olemn declarations in open court.'" (quoting *Blackledge*, 431 U.S. at 74)). Petitioner has also not established a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *See Lockhart*, 474 U.S. at 59. Petitioner's claims relating to his guilty plea fail.

**II.     Ground Relating to Sentence**

Petitioner alleges plea counsel was ineffective for failing to argue that his prior South Carolina drug conviction under S.C. Code Ann. § 44–53–375(B) did not qualify as a controlled substance offense under the career offender provision of the Sentencing Guidelines.[5,6] *See* ECF No. 109 at p. 5; ECF No. 146 at pp. 6–8.

"Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any amount of additional jail time has Sixth Amendment significance." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (internal quotation marks and brackets omitted). Thus, "counsel may be constitutionally required to object when there is relevant authority strongly suggesting that a sentencing enhancement is not proper." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017). To prove prejudice in the sentencing context, a petitioner must demonstrate "a reasonable probability that the outcome of [the] sentencing would change." *Id.* at 470 (internal quotation marks omitted).

Here, Petitioner's PSR showed he had two 2004 South Carolina drug convictions under S.C. Code Ann. § 44–53–375(B),[7] *see* PSR at ¶¶ 42; both convictions were for possession with intent to

---

[5] A defendant is a "career offender" under the Guidelines if, *inter alia*, he has two prior felony convictions for "a controlled substance offense." *See* USSG § 4B1.1(a). The Guidelines define "a controlled substance offense" as any offense, punishable by more than one year in prison, under federal or state law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b).

[6] Even though Petitioner was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, the Court will address the merits of his claim because it deferred acceptance of the agreement until after reviewing the Presentence Report and considering the applicable Guidelines range. *See generally Hughes v. United States*, 138 S. Ct. 1765 (2018) (analyzing the relationship between Type-C plea agreements and the Sentencing Guidelines). The Government's argument to the contrary—which relies on a pre-*Hughes* line of unpublished Fourth Circuit cases holding a sentence imposed pursuant to a Type-C plea agreement is contractual and not based on the Guidelines—is incorrect. *See* ECF No. 128 at pp. 9–10.

[7] Section 44–53–375(B) provides that a person "who manufactures, distributes, dispenses, delivers, purchases, or otherwise aids, abets, attempts, or conspires to manufacture, distribute, dispense, deliver, or purchase, or possesses with intent to distribute, dispense, or deliver methamphetamine or cocaine base, in violation of the provisions of

7

distribute crack cocaine—as evidenced by the *Shepard*[8] documents relating to these convictions[9]—and properly qualified as one predicate controlled substance offense under the career offender provision of the Guidelines. *See United States v. Furlow*, 928 F.3d 311, 322 (4th Cir. 2019) (holding S.C. Code Ann. § 44–53–375(B) is divisible and subject to the modified categorical approach (citing *Mathis v. United States*, 136 S. Ct. 2243 (2016))); *United States v. Cheeseboro*, 757 F. App'x 224, 227–28 (4th Cir. 2018) (determining the South Carolina crime of possession with intent to distribute crack cocaine—under § 44–53–375(B)—is a predicate controlled substance offense under the Guidelines). Thus, plea counsel was not deficient for arguing otherwise, and Petitioner cannot show a reasonable probability that the result of sentencing—or his agreed-upon Rule 11(c)(1)(C) sentence—would have been different had counsel pursued such an argument. *See, e.g.*, *United States v. Anthony*, 149 F. App'x 135, 136 (4th Cir. 2005) ("Because any objection would have been meritless, we . . . reject Anthony's claim that his counsel rendered ineffective assistance for failing to assert a meritless objection in the district court."). The Court will deny relief on this claim.

## **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order

---

Section 44–53–370, is guilty of a felony[.]" S.C. Code Ann. § 44–53–375(B). The statutory maximum penalty for a first offense under 44–53–375(B) is fifteen years' imprisonment. *Id.* § 44–53–375(B)(1).

[8]   *Shepard v. United States*, 544 U.S. 13 (2005).

[9]   As noted above, the PSR counted the two 2004 PWID convictions as one predicate controlled substance offense and referenced the indictments from those convictions. *See* PSR at ¶ 42. Out of an abundance of caution, the Court requested the indictments and the related sentencing sheets from the U.S. Probation Office's file and hereby makes them part of the record as attachments to this Order. *See, e.g.*, *Jackson v. United States*, No. 4:15-cr-00866-RBH-1, 2017 WL 4773294, at *4 & n.11 (D.S.C. Oct. 20, 2017) (considering *Shepard* documents in a § 2255 matter), *appeal dismissed*, 717 F. App'x 335 (4th Cir. 2018). The sentencing sheets conclusively establish that Petitioner's 2004 South Carolina drug convictions were for possession with intent to distribute crack cocaine under S.C. Code Ann. § 44–53–375(B), which qualifies as a controlled substance offense under *Cheeseboro, supra*.

adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** the Government's Motion for Summary Judgment [ECF No. 127] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 109]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina
October 30, 2019

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge